**Opinion filed November 7, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00186-CV

_____

## IN THE INTEREST OF N.S., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9055-CX**

## MEMORANDUM OPINION

This is an appeal from an order in which the trial court terminated the parental rights of N.S.'s mother and father.[1]  The mother filed an appeal.  On appeal, she challenges the sufficiency of the evidence in each of her five issues.  We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent

---

[1]We note that the father voluntarily relinquished his parental rights.

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (O), and (P). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being; that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from Appellant for abuse or neglect; and that Appellant had used a controlled substance in a manner that endangered the child and either failed to complete a substance abuse treatment program or abused a controlled substance after completing such a program. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## *Background*

The record shows that N.S. was four years old at the time of removal and five years old at the time of the final hearing. In January 2018, the Department received an intake regarding domestic violence and an intake regarding Appellant's use of methamphetamine. N.S.'s father was incarcerated at that time, and N.S. lived with Appellant, Appellant's boyfriend, and their three-month-old baby. Appellant and her boyfriend had engaged in domestic violence while N.S. and the baby were present at the home. The police were summoned based on the occurrence of domestic violence, and Appellant, her boyfriend, and N.S. confirmed that domestic violence had taken place in the home.

Although Appellant told the Department's investigator that she had not used methamphetamine since 2013, both Appellant and her three-month-old baby tested

positive for methamphetamine during the Department's January 2018 investigation. The baby's test results showed methamphetamine at the level of 10,987, a "very high level." Appellant's level of methamphetamine was 1,619. N.S.'s drug screen was negative at that time. The Department removed N.S. and the baby from Appellant's care. We note that Appellant's parental rights with respect to the baby are not at issue in this appeal and that the case involving the baby was severed from the case involving N.S.

Appellant initially did well and fully engaged in her court-ordered services, and N.S. and the baby were briefly returned to Appellant's care. Approximately three weeks into the monitored return, Appellant tested positive for methamphetamine—this time at the level of 3,978. The children were again removed from Appellant's care. Three months later, Appellant tested positive for methamphetamine at an even higher level—4,348. Appellant failed to complete inpatient or outpatient drug treatment as ordered. We note that, at the time of the final hearing, Appellant was again attempting inpatient treatment.

Appellant ultimately failed to maintain contact with the Department and, as a result, did not submit to any drug tests during the six months prior to the final hearing. Appellant also failed to abstain from criminal activity while the parental termination case was pending in the trial court. During this time period, Appellant was arrested for burglary of a habitation, criminal mischief, third-degree felony possession of methamphetamine, and class A misdemeanor assault. The Department called three police officers to testify about these offenses. An officer with the Abilene Police Department testified that Appellant was arrested in December 2018 for possession of methamphetamine; three small bags of methamphetamine were located in Appellant's bra area. An officer with the Clyde Police Department testified that Appellant broke into a house and assaulted a female, whose hand was "bleeding profusely" as a result of the assault. An officer with the Abilene Police

Department testified that, just a few weeks prior to the termination hearing, Appellant assaulted an "older" man. At the time of the assault, Appellant was acting aggressively and appeared to be under the influence. Appellant was arrested and taken to jail; at the jail, an empty bag with white residue was found inside Appellant's bra.

The record reflects that, in addition to the offenses that she committed while this case was pending, Appellant had other criminal history. She was convicted in 2013 of the offenses of possession of methamphetamine and endangering a child. The child that Appellant was convicted of endangering was her son—N.S.'s older brother—who, at the time of the proceedings involving N.S., had been adopted by paternal relatives.

The caseworker testified that N.S. had been removed from Appellant three times and that N.S. needed a more stable life. The caseworker believed that termination of Appellant's parental rights would be in N.S.'s best interest. N.S. had been placed in a stable and loving home with paternal relatives, and N.S. was doing well in their care. N.S. was happy and had adjusted well in the home of her aunt and uncle, and the aunt and uncle wanted to adopt N.S.

*Analysis*

In her first, second, third, and fourth issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (D), (E), (O), and (P), respectively. We first address Appellant's second issue—her challenge to the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct,

including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.* Domestic violence and a propensity for violence may also constitute evidence of endangerment. *C.J.O.*, 325 S.W.3d at 265; *In re C.E.K.*, 214 S.W.3d 492, 497 (Tex. App.—Dallas 2006, no pet.); *In re J.I.T.P.*, 99 S.W.3d 841, 845 (Tex. App.—Houston [14th Dist.] 2003, no pet.). If a parent abused or neglected other children, that conduct can be used to support a finding of endangerment. *C.E.K.*, 214 S.W.3d at 497.

Based upon the evidence that Appellant and her boyfriend engaged in domestic violence in N.S.'s presence, that Appellant had a propensity for violence, that Appellant used methamphetamine while her children were in her care, and that Appellant exposed her baby to a high level of methamphetamine, the trial court could have found by clear and convincing evidence that Appellant engaged in a course of conduct that endangered N.S. Accordingly, we hold that the evidence is legally and factually sufficient to uphold the trial court's finding under subsection (E). We overrule Appellant's second issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding under subsection (E), we need not reach her first, third, or fourth issues. *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35.

In her fifth issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that termination of Appellant's parental rights was

in the best interest of N.S. The record reflects that Appellant used methamphetamine while N.S. was in her care and continued to use methamphetamine while this case was pending, that Appellant failed to complete treatment for her methamphetamine addiction (an addiction, according to Appellant, that she had struggled with since she was twelve years old), that Appellant endangered her children by exposing them to methamphetamine, that Appellant had been convicted of endangering N.S.'s older brother, and that Appellant continued to engage in various criminal activity while this case was pending.

The record also reflects that N.S. had been placed with a paternal aunt and uncle in an appropriate home and that N.S. had improved and had done very well there. The conservatorship caseworker believed that termination of Appellant's parental rights would be in N.S.'s best interest. Based upon the evidence presented in this case, we defer to the trial court's finding. *See C.H.*, 89 S.W.3d at 27.

We hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in N.S.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to N.S.'s desires (which were not expressly mentioned at the hearing), the emotional and physical needs of N.S. now and in the future, the emotional and physical danger to N.S. now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's use of methamphetamine, Appellant's other criminal activity, and the stability of N.S.'s placement with her aunt and uncle, we hold that the evidence is sufficient to support the finding that termination of Appellant's parental rights is in the best interest of N.S. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's fifth issue on appeal.

*This Court's Ruling*

The order of the trial court is affirmed.


KEITH STRETCHER

JUSTICE


November 7, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.